**Alfred STANLEY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States[1], Respondent.**

**No. 07–0523–ag.**

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David J. Rodkin, New York City, for Petitioner.

Daniel E. Goldman, Trial Attorney, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, on the brief; Lisa Arnold, Senior Litigation Counsel, Shabana Stationwala, of counsel), Civil Division, Department of Justice, Washington, DC, for Respondent.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Alfred Stanley, a native and citizen of Indonesia, seeks review of a Board of Immigration Appeals ("BIA") decision determining, *inter alia,* that he was ineligible for withholding of removal under the Immigration and Nationality Act ("INA"). Immigration Judge ("IJ") George T. Chew denied Stanley's application for asylum as untimely and denied his applications for withholding of removal under the INA and the Convention Against Torture on the merits. The BIA largely agreed with the IJ's analysis. *In re Alfred Stanley,* No. A 96 264 135 (B.I.A.Jan.18, 2007). On appeal, Stanley challenges only the portion of the agency decision denying him withholding of removal under the INA. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA does not adopt portions of an IJ's reasoning but affirms the IJ's decision in every other respect, we review "the judgment of the IJ as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In the instant case, the BIA did not mention the IJ's adverse credibility finding when upholding the IJ's denial of Stanley's applications. Accordingly, we review only the BIA's conclusion that Stanley failed to meet his burden of proof.

We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review questions of law and the application of law to undisputed fact *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

"To qualify for withholding of removal under the INA, an applicant must establish that there is a 'clear probability' that if [he] were removed, [his] life or freedom would be threatened on account of political opinion or the other protected grounds listed in 8 U.S.C. § 1231(b)(3)(A)." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 333 (2d Cir.2006). "If the applicant shows that he or she has suffered past persecution such that the applicant's life or freedom was threatened, a rebuttable presumption arises that there is a clear probability of a future threat should the applicant be returned." *Secaida–Rosales,* 331 F.3d at 306.

At his removal hearing, Stanley testified that (1) his deceased grandfather was the head of an Indonesian separatist organization, (2) he himself had attended a meeting of a separatist organization in August 1995, and (3) his brother-in-law had been kidnapped and tortured by Indonesian military personnel. Stanley did not, however, proffer any basis for his conclusion that the men who kidnaped his brother-in-law were Indonesian military personnel. Nor did he offer any evidence establishing that the kidnappers meant to kidnap him rather than his brother-in-law. The letter from his brother-in-law that Stanley submitted states only that the kidnappers were interested in the brother-in-law's political opinions and relationship to Stanley. The letter nowhere states that the kidnappers asked any questions about Stanley himself.

Under these circumstances, we cannot say that a rational adjudicator would be compelled to believe that Stanley had been persecuted, that separatist views had been imputed to him, or that it was more likely than not that he would be persecuted were he returned to Indonesia. Accordingly, we conclude that substantial evidence supported the BIA and IJ's conclusion that Stanley failed to meet his burden of establishing eligibility for withholding of removal under the INA.

For the foregoing reasons, Alfred Stanley's petition for review is DENIED. As we have completed our review, Stanley's pending motion for a stay of removal is DISMISSED as moot.