XIU QIN YU, Petitioner,

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–1215–ag.

United States Court of Appeals, Second Circuit.

May 12, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Norah Ascoli Schwarz, Senior Litigation Counsel; Remi Adalemo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Xiu Qin Yu, a native and citizen of China, seeks review of a February 14, 2008 order of the BIA affirming the July 11, 2006 decision of Immigration Judge ("IJ") Barbara Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Qin Yu*, No. A200 032 088 (B.I.A. Feb. 14, 2008), *aff'g* No. A200 032 088 (Immig. Ct. N.Y. City Jul. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of complete-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for for-

mer Attorney General Michael B. Mukasey as respondent in this case.

ness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir.2008).[2]

Substantial evidence supports the agency's adverse determination. In finding Yu not credible, the IJ properly relied on Yu's discrepant account of her attempt to register her daughter's birth. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006). While Yu stated in her asylum application and during her direct testimony that she returned home after officials told her she would need to pay a fine and be sterilized in order to register her daughter's birth, during cross-examination she claimed that she ran out the back door of the office because she was afraid of being arrested. When confronted with the discrepancy, she testified that she "didn't understand it." The IJ reasonably rejected that explanation and relied on the discrepancy in finding Yu not credible. *See Liang Chen*, 454 F.3d at 106–107; *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

We also afford particular deference to the IJ's assessment of Yu's demeanor where the IJ was in the unique position of observing her testify. *See Majidi*, 430 F.3d at 81 n. 1. After observing that testimony, the IJ found that Yu's demeanor indicated that she was not testifying in a credible manner, noting that she was frequently "very hesitant in answering questions" and that it appeared that "she [was] trying to follow a poorly rehearsed

script." We are in no position to disturb such findings. *Id.*

Finally, as the IJ did not find Yu's testimony credible, she properly noted the absence of documentary evidence that may have corroborated her claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Thus, we decline to disturb the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165–66. Because Yu based her claims for asylum, withholding of removal, and CAT relief on the same factual predicate, each of her claims necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID

Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119

Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

