10-2523-ag
Zheng v. Holder
BIA
Schoppert, IJ
A088 527 838

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
      RALPH K. WINTER,
      ROBERT A. KATZMANN,
      DEBRA ANN LIVINGSTON,
         *Circuit Judges.*

_____

YINGSHENG ZHENG,
     *Petitioner,*

     v.                 10-2523-ag
                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Yingsheng Zheng, *pro se*, New York, NY.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney; Helen Rangel, Law Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yingsheng Zheng, a native and citizen of the People's Republic of China, seeks review of a May 27, 2010, decision of the BIA affirming the August 25, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingsheng Zheng*, No. A088 527 838 (B.I.A. May 27, 2010), *aff'g* No. A088 527 838 (Immig. Ct. N.Y. City Aug. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The only issue before us is whether the agency erred in denying Zheng's application for asylum and withholding of removal, as Zheng failed to exhaust his challenge to the

denial of CAT relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).

For asylum applications such as Zheng's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the agency reasonably based its adverse credibility determination on omissions, inconsistencies, and implausibilities in Zheng's asylum application and his testimony, as well as on his demeanor.

Zheng indicated in his asylum application that he was visited by family planning officials on two occasions; during the first visit they threatened him, and during the

3

second visit they attempted to arrest him in order to have him sterilized, but he eluded them and went into hiding. He testified however that during the first visit, the officials not only threatened him, but also assaulted him. There were also discrepancies as to when Zheng went into hiding - he stated the date as September 2006 in his asylum application, but testified that he went into hiding in July 2006, before changing his testimony to September 2006. These inconsistencies and the omissions were proper grounds for the IJ's adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166.

The IJ further based his adverse credibility finding on Zheng's demeanor, and on implausibilities in parts of Zheng's account. Specifically, as to demeanor, the IJ found that Zheng was testifying in a "rehearsed, non-spontaneous manner," his answers were often vague, and "at times non-responsive to questions." We generally defer to an IJ's demeanor findings, and will do so here. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Finally, the IJ found Zheng's account of his escape from family planning officials to be implausible. Zheng

4

testified that in September 2006, family planning officials came to his home, and he had an argument with them, and then, when they tried to arrest him, he escaped out the back door of his home. In his asylum application, describing the same incident, Zheng stated that family planning officials "stepped forward to arrest" him. The IJ concluded that, because, based on Zheng's description, the family planning officials "were clearly in close physical proximity" to him, it was not plausible "that under those circumstances [Zheng] may have been able to run away without being apprehended." Accordingly, the implausibility finding provides additional support for the adverse credibility determination. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The BIA, in turn, affirmed the IJ's adverse credibility determination, explicitly addressing Zheng's omission, inconsistencies, and demeanor. Given the totality of the circumstances, including Zheng's omission, inconsistencies, implausibility, and demeanor, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only basis for Zheng's claim depends on his credibility, the adverse credibility determination is also dispositive of his request for withholding of removal. *See*

5

*Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk