12-2151
Ye v. Holder

BIA
Cheng, IJ
A089 845 763

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand thirteen.

PRESENT:
JON O. NEWMAN,
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
            *Circuit Judges.*

_____

LEI YE,
            *Petitioner,*

            v.                                    12-2151
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Yee Ling Poon; Robert Duk-Hwan Kim,
                       Law Office of Yee Ling Poon, LLC,
                       New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Ernesto
                       H. Molina, Jr., Assistant Director;

**Andrew N. O'Malley, Trial Attorney,**
**Office of Immigration Litigation,**
**U.S. Department of Justice,**
**Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lei Ye, a native and citizen of the People's Republic of China, seeks review of an April 27, 2012, decision of the BIA, affirming the February 7, 2011, decision of Immigration Judge ("IJ") Mary Cheng, denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lei Ye*, No. A089 845 763 (B.I.A. Apr. 27, 2012), *aff'g* No. A089 845 763 (Immig. Ct. N.Y. City Feb. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007). The

2

applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor and inconsistencies in her statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In finding Ye not credible, the IJ reasonably relied on Ye's demeanor, noting that her testimony was unresponsive, evasive, and rehearsed. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the hearing transcript.

The IJ's adverse credibility determination is further supported by specific examples of contradictory testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our

3

review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the IJ reasonably found discrepancies in Ye's testimony regarding certain pertinent dates and her knowledge of the dangers of distributing Falun Gong materials in China. *See Xiu Xia Lin*, 534 F.3d at 163-64. Ye failed to provide compelling explanations for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

Thus, given the IJ's demeanor finding and the record discrepancies, we find the IJ's adverse credibility determination supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Because the IJ's adverse credibility determination related to both Ye's claim of past persecution and her claim of a well-founded fear of future persecution, that determination was dispositive of her applications for asylum, withholding of removal, and CAT relief and we need not consider the agency's alternative burden of proof findings. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

Finally, the BIA did not err by declining to consider Ye's new evidence on appeal because she failed to file a motion to remand or provide any argument as to why the new

4

evidence presented would alter the result in her case.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) (requiring a party asserting that the BIA cannot properly resolve an appeal without further fact-finding to file a motion to remand); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may not review evidence proffered for the first time on appeal).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```