13-917
Chen  v. Holder

BIA
Cheng, IJ
A089 100 073

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of August, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

BIN XUN CHEN, AKA BING SONG CHEN,
        *Petitioner,*

        v.                                    13-917
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Nataliya I. Gavlin, Gavlin &
                       Associates, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Mary Jane Candaux,
                       Assistant  Director; Robbin K.
                       Blaya, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bin Xun Chen, a native and citizen of the People's Republic of China, seeks review of a February 26, 2013, decision of the BIA affirming the April 19, 2011, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Xun Chen*, No. A089 100 073 (B.I.A. Feb. 26, 2013), *aff'g* No. A089 100 073 (Immig. Ct. N.Y. City Apr. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Chen's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and the plausibility and consistency of his account, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Id*. at 167. In this case, the agency reasonably based its adverse credibility determination on Chen's demeanor, the inconsistencies in his evidence, and the lack of plausible explanation for those inconsistencies.

The IJ found that Chen's testimony often seemed non-responsive, evasive, and rehearsed. We generally afford particular deference to an IJ's assessment of an applicant's demeanor because the IJ's ability to observe the witness places her in the best position to evaluate credibility. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d

3

Cir. 2005). We can be even "more confident in our review of observations about an applicant's demeanor" where, as here, those observations "are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Chen's asylum application, his testimonial evidence, and his wife's affidavit give differing versions of what occurred on July 17, 2002, the day Chen was allegedly assaulted by family planning officials who came to Chen's home to take his wife to be sterilized, after which he escaped and left his home for four years. The accounts vary as to whether the family planning officials entered Chen's home, whether he pushed them before they began beating him, at what point he called for his relatives to help him, and (crucially) how he escaped. At various points, Chen and his wife indicated: that his relatives arrived to confront the family planning officials and he escaped unnoticed in the turmoil; that his relatives pushed all the family planning officials out of the home and he escaped; that he ran away but the officials chased him; and that his relatives pushed the officials away, after which he formulated a plan of escape and left.

4

Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), these inconsistent descriptions regarding the July 2002 incident provide substantial evidence supporting the agency's adverse credibility determination. Moreover, they directly relate to Chen's allegation of past harm. *See Xiu Xia Lin*, 534 F.3d at 166, 167. Chen was given an opportunity to explain the inconsistencies, but the IJ reasonably rejected his explanation, concluding that it did not plausibly or effectively reconcile the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The totality of the circumstances supports the agency's adverse credibility determination, based on Chen's unresponsive testimony, omissions, and lack of credible explanation. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Since the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility finding defeats his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk