Singh v. Barr

BIA
Kolbe, IJ
A202 064 095

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

RAVINDER SINGH,
> *Petitioner,*

v.                                          **18-1168**
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Natasha Mallhi, Esq., New York, NY.

FOR RESPONDENT:             Gregory Darrel Mack, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Ravinder Singh, a citizen of India, seeks review of an April 6, 2018, decision of the BIA affirming a June 8, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ravinder Singh,* No. A 202 064 095 (B.I.A. Apr. 6, 2018), *aff'g* No. A 202 064 095 (Immig. Ct. N.Y. City June 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Singh's application sought to establish past persecution by detailing three incidents during which members of the Sikh religion attacked him because of his membership in a religious sect known as Dera Sacha Sauda. The IJ denied Singh's application in its entirety on the basis of an adverse credibility determination, which in turn was based on three inconsistencies in Singh's testimony and an assessment of his

demeanor.  We have reviewed the IJ's decision as modified and supplemented by the BIA, which adopted and affirmed that decision but limited its discussion to the IJ's adverse credibility determination.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Stanley v. Mukasey*, 268 F. App'x 24, 25 (2d Cir. 2008) (reviewing, in similar circumstances, only those portions of the IJ's reasoning that the BIA mentioned in adopting and affirming the IJ decision).

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  The trier of fact may consider, among other factors, "the demeanor, candor, or responsiveness of the applicant," the consistency of the applicant's "written and oral statements," and "the consistency of such statements with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ based her adverse credibility determination in part on her assessment of Singh's demeanor. According to the IJ, when Singh testified about a January 20, 2015 attack, "he provided a long monologue of those events and gave the impression of a rehearsed description of events. [Singh] did not wait for counsel's questions to elicit the details of what, if credible, would have been a terrifically difficult experience, but rather provided a detailed rehearsed monologue which the Court found unconvincing." Certified Administrative Record ("CAR") 31.

As a general matter, the mere fact that an applicant appears to have prepared to answer questions in detail at his or her removal proceeding is not a basis to doubt that applicant's credibility. Thus, while we will defer to an adverse credibility determination supported by an IJ's assessment that an applicant's testimony appears "rehearsed," we will do so only where that assessment is paired with something more — for example, "vague" and "non-responsive" answers, *Yingsheng Zheng v. Holder*, 476 F. App'x 903, 904 (2d Cir. 2012), hesitancy indicating that the applicant is following a "*poorly* rehearsed script," *Xiu Qin Yu v. Holder*, 327 F. App'x 264, 265 (2d Cir. 2009) (emphasis added), or

4

"evasive[ness]," *Bin Xun Chen v. Holder*, 577 F. App'x 28, 29 (2d Cir. 2014); *Lei Ye v. Holder*, 530 F. App'x 38, 39 (2d Cir. 2013). Where, by contrast, "[t]he entirety of the demeanor finding is that [the applicant's] testimony appeared to be rehearsed to reflect the recitation of a story that she had learned, rather than real life events," without further support, we have declined to defer to the IJ's credibility assessment. *Yingshi Li v. Sessions*, 723 F. App'x 53, 55 (2d Cir. 2018) (internal quotation marks omitted).

Here, the "monologue" that the IJ found too "detailed" and "rehearsed" to be credible took up no more than a page's worth of the hearing transcript, and was prompted by a request that Singh "explain in detail what happened." CAR 99. Absent further support, no reasonable factfinder could base an adverse credibility determination on the impression that an applicant has done what any reasonable person in removal proceedings would do: namely, prepare for questioning at a potentially life-altering hearing.

The IJ also based her adverse credibility determination on three supposed inconsistencies in Singh's testimony. Our review of such a determination is deferential, as we have explained; however, "although IJs may rely on non-material

5

omissions and inconsistencies, not all omissions and inconsistencies will deserve the same weight. A trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination." *Hong Fei Gao*, 891 F.3d at 77.

At least two of the inconsistencies cited by the IJ are too trivial to support an adverse credibility determination. First, Singh stated in his initial application that a January 31, 2014 attack ended only when, "[s]eeing [his] coworker coming, [his assailants] ran away." CAR 176. Later, Singh testified that as his coworker arrived on the scene of the attack, the coworker called to "other men," and that this was what made the assailants run away. CAR 128. Second, Singh wrote in his application that after that attack, he fled to his "uncle place [sic]" in Delhi for six months. CAR 176. Later, both Singh's testimony and his uncle's statement indicated that the house in which Singh stayed during that period was actually owned by his uncle's friend. Each of these supposed inconsistencies is so trivial that neither has any tendency to suggest that Singh fabricated his claim, *Hong Fei Gao*, 891 F.3d at 77, still less in light of Singh's

reliance on an interpreter, *see Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019). Accordingly, neither of those inconsistencies may properly support an adverse credibility determination.

The third inconsistency cited by the IJ concerned Singh's description of the first attack he suffered. In his application, Singh wrote that four men "pushed [him] hard" and that he "got a small nick on his lip," CAR 176, but he later testified that his attackers pushed, punched, and kicked him for several minutes.

We need not decide whether this last inconsistency was sufficient to support an adverse credibility determination because the IJ stated that "any one of" the factors on which she based that determination — the demeanor assessment and the three inconsistencies — "would be insufficient to doubt [Singh's] credibility as a whole." CAR 31. Because three of those four factors should not have been included in the credibility assessment to begin with, we are left with only one, along with the IJ's express determination that she would not have reached an adverse credibility determination on the basis of that factor alone. It is therefore appropriate to vacate the adverse credibility determination and to proceed

7

as though "no adverse credibility determination [was] explicitly made."  8 U.S.C. § 1158(b)(1)(B)(iii).

As an alternative ground for denying Singh's applications for asylum, withholding of removal, and CAT relief, the IJ also found that even assuming Singh had presented a credible claim of past persecution, the Department of Homeland Security had successfully rebutted any presumption of a well-founded fear of future persecution.  Because the BIA did not address any of these alternative grounds in its decision, we will remand to the BIA so that it may do so in the first instance.

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8